UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------x
RALPH TAYLOR,

                       Plaintiff,                            **COMPLAINT**

     -against-                                       Jury Demand

THE COUNTY OF ESSEX,
ESSEX COUNTY CORRECTIONAL FACILITY,
DIRECTOR ALFARO ORTIZ,
SERGEANT "JOHN" PRIDE,
C.O. "JOHN BARRIOS,
SERGEANT "JOHN" MATOS,
C.O. COMPTON HARRIS,
C.O. "JOHN" DELGRASSO,
JOHN AND JANE DOES 1-5,

                      Defendants.
---------------------------------------------------------------x

        Plaintiff RALPH TAYLOR a/k/a ALEXIS TAYLOR ("Alexis") by and through his attorneys, Vik Pawar, and John Weichsel, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States and New Jersey Constitutions and under New Jersey State Laws against discrimination and New Jersey Civil Rights Law.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.  Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff is a citizen of the United States and is a transgender individual who goes by the name of Alexis, and at all relevant times and at present resident of the County of Bergen, City of Hackensack and State of New Jersey.

7.  Defendant County of Essex (hereinafter "County") is an entity existing under and by virtue of the laws of the State of New Jersey. County operates and directs policies at the defendant Essex County Correctional Services ("Jail").

8.  Defendants Ortiz, Pride, Barrios, Matos, Harris, Delgrasso, Hohn and Jane Does 1-5 are employees of the County or otherwise engaged to work at the behest of the County and were acting under the color of state law or contracted to provide services to the County.

## FACTS

9.  Plaintiff was incarcerated at Essex County Department of Corrections ("Jail").

10. Plaintiff is a transgender female who underwent surgery to become a

2

female.

11. Plaintiff wears ladies undergarments and has breasts.

12. During her incarceration at the Jail, plaintiff was verbally, sexually and physically attacked and assaulted by the individual defendants and other inmates. She was then denied prompt and adequate medical care.

13. Plaintiff was anally and orally raped by the individual defendants on repeated occasions.

14. Plaintiff was attached by other inmates who called her "faggot."

15. The individual defendants were aware of the threats but failed to take any action.

16. Plaintiff was retaliated against for voicing concerns about her safety.

17. Plaintiff to this day continues to suffer from the injuries inflicted upon her due to the inaction by the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION
(*Monell* Claim against County)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

18. The *Monell* allegations against the Defendant County is outlined below in sub-section:

   a. County does not have a policy when it comes to placing individuals such as plaintiff who are threatened by inmates into protective custody. To the extent the County has a policy that is ineffective, and the widespread customs render such policy a nullity.

   b. Defendant County has failed to train its employees when they receive

        complaints about individuals such as plaintiff who are in danger about their welfare from other incarcerated individuals such as the inmates.

    c. Defendant County does not have an effective procedure to prevent sexual assaults on inmates from male staff.

    d. Defendant County does not have an effective procedure to house transgender inmates.

    e. Defendant County does not have an adequate medical personnel/facility that could recognize the injuries suffered by incarcerated.

  i. Despite being aware of the assault and the threats of assault on the plaintiff and other individuals who have faced similar circumstances as the plaintiff, the County has failed to implement measures to prevent such harm.

  i. Measures such as increased staffing, inadequate inmate supervision, discipline, failure to adopt and implement an inmate classification system to prevent assault by inmates on other inmates and adequate security rounds would prevent harm to individuals such as plaintiff and enjoin widespread constitutional violations of inmate on inmate assaults.

  ii. The County also had inadequate staffing that would allow the staff to spread out the time period in which incarcerated individuals who are transported to the medical unit without "running into each other," have staff present in "open areas" so that incarcerated individuals do not come in contact with each other and increase the possibility of assaults, not having sufficient space so that individuals who are threatened are kept separate from other inmates in a safe and secure area that passes the constitutionality muster.

  iii. County has failed to adequately train or discipline its employees when dealing with situations as outlined in plaintiff's complaint.

iv. County does not have a training procedure that would allow its employees to adequately address concerns voiced by individuals such as plaintiff.

v. Had the County implemented a training program then the individual defendants that are named in this complaint would know how to act when presented with a situation such as plaintiff.

vi. The training would include to counsel individuals such as plaintiff, ensure that these threatened individuals remain protected, address the threats received to incarcerated individuals, ensure that the threatened individuals and the individuals who are the ones threatening are kept away from each other.

vii. Failure to train on how to undertake an investigation of threats and address those threats that prevents injuries to individuals such as plaintiff.

viii. County's failure to train its employees on these basic requirements and to ensure that the employees are adequately trained caused injuries to individuals such as the plaintiff.

ix. The County does not have qualified medical personnel or adequate medical equipment that are able to recognize serious injuries to incarcerated individuals such as the plaintiff.

x. The County does not screen or hire qualified individuals to be part of their medical department. The County also does not have medical equipment in its facilities that would adequately diagnose individuals such as plaintiff so that the injuries are recognized sooner.

xi. The County's failure is evident because individuals such as plaintiff suffer unnecessarily longer in pain due to the ineffectiveness of the medical personnel/medical equipment to recognize the need for timely, prompt and adequate medical attention.

xii. County's failure to adequately staff its medical units with adequate personnel and equipment is a widespread custom that results in unnecessary injuries to individuals who require medical attention such as the plaintiff.

xiii.

19. Defendant County's failures to address the municipality issues as addressed in this cause of action amounts to deliberate indifference.

20. Defendant County is aware that its employees (as named in this complaint) would encounter situations as outlined in this complaint.

21. Defendant County is aware that the employees/defendants would encounter a difficult situation when faced with one or more of the situations outlined in this complaint.

22. Defendant County despite being aware that there needs to be an effective policy and or training for its employees to prevent harm to individuals such as plaintiff, failed to take any action and that amounts to deliberate indifference to individuals such as plaintiff.

23. As a direct result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing severe and permanent emotional and physical injuries and this was the moving force in causing plaintiff injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deliberate Indifference to Medical needs/Cruel and Unusual Punishment)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff suffered serious injuries and was in serious pain and in need of urgent medical treatment.

26. Plaintiff had a fracture jaw and other severe visible injuries.

27.	These visible and obvious injuries caused extreme pain to plaintiff and required urgent care. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiff's pleas to take her to a medical provider or otherwise failed to provide her with medical treatment in a timely fashion.

28.	Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries to plaintiff's body that they themselves caused through their actions/inactions. Plaintiff's injuries posed an unreasonable risk of serious damage and serious pain to her mental and physical health and the injuries and the assault expanded beyond all boundaries of decency. Plaintiff lost teeth due to the delay in treatment and prolonged her pain and suffering.

29.	The injuries shocked the conscience and the defendants and intentionally and recklessly failed to act with reasonable care to mitigate the risk even though they knew or should have known that plaintiff's condition posed a serious risk to her health and safety and permanent injury.

30.	The infliction of injuries on plaintiff's body and then the failure to adequately treat those injuries constituted deliberate indifference and cruel and unusual punishment by the defendants and plaintiff suffered constitutional injuries as described in the complained which caused extreme pain and permanent injury to plaintiff and required urgent care.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Protect)

49.	Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.	Defendants were aware that plaintiff's safety and well-being were at risk.

51.	Defendants knew that they had a duty to protect plaintiff from harm.

7

52. Defendants gave assurances to plaintiff that she would be protected and safe in their custody and that her threats were being taken seriously.

53. Defendants were also made aware through prior assault on plaintiff and his grievances that she was in clear and present danger.

54. Despite knowing that plaintiff faced a significant risk of serious injury, defendants failed to take any reasonable measures to ensure plaintiff's safety.

55. Despite being aware of this risk, defendants failed to protect plaintiff and exposed her to future harm.

56. Defendants failed to take any steps and plaintiff was assaulted and subjected to taunts and threats.

57. Plaintiff was attacked by individuals who were associated and/or part of the gang and or with the inmates.

58. Defendants despite being aware of the significant risk to plaintiff's health and despite giving assurances to plaintiff, failed to protect her.

59. Defendants were given ample warning, were notified of instances when plaintiff was continually threatened, but yet did nothing until plaintiff was attacked one more time resulting in severe injuries. Defendants had an opportunity to protect plaintiff and intervene to prevent harm to plaintiff.

60. Defendants were deliberately indifferent to plaintiff's safety and as a result of their action or lack thereof, plaintiff's rights under the Eighth and Fourteenth Amendments were violated, and he suffered serious injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

8

62. Defendants, who are correctional officers and civilians, observed the infliction of unnecessary and unreasonable force upon plaintiff. These defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiff's body as detailed in the foregoing paragraphs of the complaint by inmates.

63. Defendants knew or observed that excessive force was being used on plaintiff by the inmates and had an opportunity to intervene during the assault on plaintiff and failure to get plaintiff urgent medical treatment to prevent further pain and harm but failed to do so.

64. As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Force -4th Amendment, Cruel and Unusual Punishment- 8th Amendment)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66. Defendants knew that plaintiff was supposed to be in protective custody.

67. However, instead of taking care of plaintiff's well-being, defendants confined her to an area where she would be subjected to another assault.

68. Plaintiff was subjected to cruel and unusual punishment because she was a victim of an assault.

69. Plaintiff was subjected to cruel and unusual conditions of confinement because defendants knew that plaintiff had previously made complaints and grievances about his conditions and defendants had failed to protect her.

70. As a result of defendants' actions, plaintiff was subject to violation of her constitutional rights and she suffered permanent physical and mental injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION

(Liability under the N.J. Civil Rights Law and Law Against Discrimination)

## AS AND FOR A SEVENTH CAUSE OF ACTION

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein

72 Defendant County employed the Doe and named defendants and as identified in this complaint

73 The actions of defendants constituted violations of the New Jersey Civil Rights Law and the Law Against Discrimination.

74. As a result of the violation of her rights under the N. J. Civil Rights Law and the Law Against Discrimination, plaintiff suffered permanent physical and mental injuries.

## STATE LAW CLAIMS

## AS AND FOR A EIGHTH CAUSE OF ACTION

## ASSAULT AND BATTERY

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. As a result of the acts of Defendants, plaintiff suffered shock and injury, severe mental disturbance, and was rendered emotionally upset said injuries nave had continuing and lasting effects.

## AS AND FOR AN NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

78. Because of the said wrongful acts and words made by defendants to plaintiff, plaintiff became afraid, ill, nervous, and their moral sensibility and ideals of decency and propriety were shocked; the plaintiff suffered nervous injury, shock, fear, anxiety, and anguish.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action;

(D) grant any injunctive or prospective relief to prevent future or ongoing constitutional harms; and

(E) such other and further relief as it appears just and proper.

Dated: Hackensack, New Jersey
       October 29, 2021

                                                                               Respectfully,

                                                                               John Weichsel (JW3958)
                                                                               Vik Pawar (VP9101)

                                                                               *Attorneys for Plaintiff*