# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td><b>Chambers of</b><br><b>Leda Dunn Wettre</b><br><b>United States Magistrate Judge</b></td>
<td><b>Martin Luther King Federal Building</b><br><b>& U.S. Courthouse</b><br><b>50 Walnut Street</b><br><b>Newark, NJ 07101</b><br><b>(973) 645-3574</b></td>
</tr>
</table>

August 18, 2023

To:   All counsel of record

<u>LETTER OPINION</u>

RE:   *Taylor, et al. v. Ortiz, et al.,*
      <u>Civil Action No. 21-cv-19445 (SDW) (LDW)</u>

Dear Counsel:

Before the Court is the joint motion of Defendants County of Essex, Director Alfaro Ortiz, William Anderson, Michael Walsifer, Sergeant Herman Pride, C.O. "John" Barrios, Sergeant "John" Matos, C.O. Compton Harris, C.O. "John" DelGrasso, Lieutenant Christina Bell, and Sergeant Sandra Grier, together with Third-Party Defendant CFG Health Systems, LLC (collectively, "defendants"), for an Order staying this civil action in light of the criminal indictment and ongoing federal investigation of defendant Pride. (ECF No. 57-1). Plaintiffs oppose the motion. (ECF No. 59). Having considered the parties' written submissions (ECF Nos. 49-53, 57-59, 60), as well as that of Pride's criminal defense attorney (ECF No. 63), and for the reasons set forth below, defendants' motion to stay is **GRANTED.**[1]

## I.      BACKGROUND

In this consolidated civil action, Plaintiffs Ralph (a/k/a "Alexis") Taylor and Samir Thomas allege that they suffered various civil rights abuses during their incarceration at Essex County Correctional Facility in Newark, New Jersey ("ECC") from 2019 through July 2021. (Consol. Amended Compl., ECF No. 27). Plaintiffs assert claims under 42 U.S.C. §§ 1983 and 1988 and New Jersey state civil rights statutes for deliberate indifference to their medical needs, cruel and unusual punishment, failure to protect, failure to intervene, excessive force, denial of equal protection and discrimination. (*Id.* ¶¶ 23-55). Plaintiffs' claims are based on their alleged sexual and other abuse by ECC employees, including defendant Pride. (*Id.* ¶¶ 9-15). Plaintiffs additionally assert a *Monell* claim against defendant County of Essex based on an alleged failure to train ECC employees and to maintain appropriate policies and procedures concerning the sexual assault of inmates at ECC. (*Id.* ¶¶ 16-22).

The instant motion to stay is based primarily on the indictment of defendant Pride and two

---

[1]     No party having requested oral argument, the motion is decided pursuant to Fed. R. Civ. P. 78.

ECC supervisors in July 2021 on federal felony charges.   The indictment charges Pride and his co-defendants with excessive force against a different ECC inmate during the same time period involved in the instant case, as well as a failure to document the use of force or to intervene to stop the inappropriate use of force.   (Deft. Brief, ECF No. 57-2, at 2-3).   The stay motion is further based upon an ongoing investigation by the United States Attorney's Office into excessive force allegations against defendant Pride in connection with another civil rights action pending in this District, *Mayweather v. County of Essex, et al.*, Case No. 2:23-cv-00316-CCC-ESK, which civil action likewise involves a *Monell* claim against the County.   (*Id.* at 3).

Defendants argue that this case should be stayed as to defendant Pride because his alleged mistreatment of inmates at ECC is the central issue in both this civil action and the criminal case against him.   Given this overlap, defendants assert that Pride will be forced to choose between waiving his Fifth Amendment right against self-incrimination and defending himself in this case if the action is not stayed.   (*Id.* at 8).   The defendants other than Pride argue that being forced to undergo discovery and trial in the absence of testimony from Pride, who is central to the allegations in this case, will be prejudicial to their defense and may result in "duplicative and piecemeal litigation" when the stay is lifted.   (*Id.* at 9; Deft. Reply Brief, ECF No. 60, at 1-2).   In contrast, they argue, plaintiffs will not be prejudiced significantly by a stay.   (*Id.*).   Accordingly, defendants jointly request that this action be stayed pending further Order of the Court.

Plaintiffs argue in opposition to this motion that the Court should allow discovery to proceed as to all parties except defendant Pride.   (Pl. Brief, ECF No. 59, at 5-6).   Plaintiffs contend conclusorily that the stay should be denied as to all but the indicted defendant because "there are different parties than in the criminal case"; that plaintiffs' interest in proceeding expeditiously outweighs potential prejudice, given that witnesses memories will begin to fade; and that "there is no prejudice to defendant Pride if paper discovery is exchanged and depositions of all witnesses except Pride are taken."   (*Id.* at 6).   Plaintiffs further assert that defendant Pride's Fifth Amendment right against self-incrimination will not be implicated if discovery continues as to all parties except Pride.   (*Id.*).   Finally, Plaintiffs generally assert that a stay runs counter to the public interest.

## II.      DISCUSSION

It is well settled that the Court has discretion to stay a case "if the interests of justice require it."   *Walsh Securities., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)).   Although the Court is not required to stay a civil action, where as here there is a parallel criminal action, such a stay "may be warranted in certain circumstances."   *Id.*   When considering a request to stay a civil case in light of pending criminal proceedings, the Court considers factors including "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest."   *Id.* at 527.   The Court addresses each factor in turn.

## A.  Similarity of Issues

Courts recognize the similarity of issues between the civil and criminal actions to be "'the most important issue at the threshold' in determining whether or not to grant a stay." *Id.*   In this civil action, it is alleged *inter alia* that defendants Pride and Barrios harassed and repeatedly sexually assaulted an ECC inmate, plaintiff Taylor; that other ECC officers failed to intervene or respond to plaintiff's complaints; and that the County failed to maintain proper policies and procedures to protect against and address such abuses when they occur.   (*See* Consol. Amended Compl., ECF No. 27).   Similarly, the criminal case against Pride charges that he and other ECC supervisors physically assaulted an ECC detainee during the same time period as the instant action, and that ECC officers failed to intervene to stop the assault or to properly report it.   (Exh. A. to Deft. Brief, ECF No. 57-3).   There is obvious and substantial overlap between this action and the criminal proceedings, strongly weighing in favor of a stay as to Pride.   (*See* Pl. Brief ¶ 3; Deft. Brief at 2).   The criminal case also is related in part to the *Monell* claim against the County insofar as the "failure to report" allegations in the criminal case bear upon the County's policies and training of its personnel.   Accordingly, the Court is satisfied that there is substantial similarity of issues in this action as to several defendants to the issues in the criminal case against Pride, weighing heavily in favor of a stay as to all defendants.   *See Terruso-Crespo v. Atlantic Cnty. Just. Facility,* No. CV 21-15288 (CPO)(SAK), 2022 WL 263432, at *3 (D.N.J. Jan. 28, 2022) (staying civil litigation pending the resolution of ongoing related criminal proceedings).

## B.  Stage of Parallel Criminal Proceedings

The phase of the parallel criminal proceeding may bear significantly on whether a stay of the civil case is appropriate.   *See Walsh*, 7 F. Supp 2d at 527.   Due to self-incrimination concerns, the "strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Id.* (quoting *Parallel Proceedings*, 129 F.R.D. at 203).   Here, defendant Pride has been indicted, and he has indicated his intent to invoke his Fifth Amendment privilege extensively in this civil action given the similarity of issues presented by this case and the criminal proceedings against him.   (Deft. Brief, ECF No. 57-3, at 6 & Exh. A).[2]   This factor therefore strongly favors staying this action as to Pride.   Further, given that plaintiffs' claims against the County and remaining individual defendants are intertwined with those against defendant Pride, the Court finds that a stay of this civil action as to all defendants is warranted.

## C.  Prejudice to Plaintiff

In opposing the instant motion, Plaintiffs fail to describe any specific injury they are likely to sustain from a stay.   Plaintiffs make only bare assertions that the stay will cause delay and that witnesses' memories fade over time.   (Pl. Brief ¶ 3).   The Court notes that mere delay is not sufficient to establish prejudice to Plaintiffs.   *Tucker v. New York Police Dep't*, No. 08-CV-2156 (DMC), 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010), *aff'd in part*, *dismissed in part*, 408 F.

---

[2]    Pride's criminal defense attorney advises that he understands that the U.S. Attorney's Office's criminal investigation of the allegations in *Mayweather* against Pride and others is ongoing (Varano Cert. ¶¶ 2-3, ECF No. 57-3), which further implicates Pride's Fifth Amendment rights.

App'x 513 (3d Cir. 2010).  In their briefing, Plaintiffs submit that the allegations in this civil action arose in 2020 and 2021.  (Pl. Brief ¶ 3).  As "delays in civil cases are fairly common," and given the relative recency of Plaintiffs' allegations, the Court is not persuaded that Plaintiffs will suffer any substantial prejudice if the proposed stay is granted.  Moreover, the Court notes that defendant Pride's criminal trial is currently scheduled for January 2024.  (ECF No. 63).  As such, any potential harm arising from the delay "is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act."  *Walsh*, 7 F. Supp. 2d at 527 (quoting *Parallel Proceedings*, 129 F.R.D. at 203).  The Court finds, therefore, that this factor militates in favor of the proposed stay.

### D.  Burden on the Defendants

The Court has alluded above to the significant burden on defendants in the absence of a stay.  If forced to respond to discovery in this civil action, Pride would have little choice but to invoke the Fifth Amendment, which may result in adverse inferences being drawn against him in this case.  *See S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) ("[R]eliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits.").  Although it is not unconstitutional to put this choice to a civil defendant, *see Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976), the Court finds here that the interests of justice are best served by staying this case at this time.  Further, because there exists such an overlap between plaintiffs' claims against Pride, the County and the other individual defendants, all defendants would be unduly burdened if made to proceed to discovery and possibly trial without Pride's participation.  This factor, therefore, favors a stay of this civil case as to all defendants.

### E.  Interests of the Court

The Court's interest in judicial efficiency would be furthered by staying this civil action.  Although "a stay in this type of case is often relatively indefinite," as noted above, trial of defendant Pride's criminal case is presently scheduled for January 2024.  (ECF No. 63).  Moreover, the Court finds, for the reasons set forth above, that absent a stay as to all parties, any discovery that could proceed as between plaintiffs and the defendants other than Pride would be piecemeal and inefficient.  In the absence of a complete stay pending completion of the criminal proceedings, judicial intervention will be required to extend discovery deadlines and intercede in serial stay requests and disputes until the parties are able to take fulsome discovery from defendant Pride.  This factor, therefore, favors a stay as to all defendants.

### F.  Public Interest

Plaintiffs do not argue, and the Court does not find, any harm to the public interest in granting a stay of this civil action.  In fact, the Court finds that a stay in this case may well benefit the public by ensuring that the criminal proceedings are not impacted by the effects of ongoing, broad civil discovery on related matters in this case.  *See Walsh*, 7 F. Supp. 2d at 529; *Licona v. Tunnel Barrel & Drum Co.*, No. 22-CV-946 (JMV)(LDW), 2023 WL 2644373, at *4 (D.N.J. Mar. 27, 2023).  The public interest thus favors the proposed stay.

### III.   CONCLUSION

Because the Court finds that, on balance, the pertinent factors support a stay of this civil action pending further Order of the Court, Defendants' Motion to Stay (ECF No. 57-1) is **GRANTED** and this case shall be **ADMINISTRATIVELY TERMINATED** during the pendency of the stay.

An accompanying Order follows.

**SO ORDERED this 18th day of August, 2023.**

*Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig:   Clerk
cc:     Counsel of Record